IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILE

05 APR 20 PM 5:1

ROBERT R. DI CIO
CLERK, U.S. DI CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Cr. No. 98-20293(G)B |
| XAVIER S. TODD, | |
| Defendant. | |

ORDER DENYING REQUEST FOR CLARIFICATION

Defendant, Xavier S. Todd, Bureau of Prisons (BOP) registration number 16647-076, an inmate at the Federal Correctional Institution (FCI) in Memphis, has filed a "request for clarification of concurrency" in this closed criminal case.

Todd was arrested on October 21, 1998 by Memphis police officers on multiple charges, one also giving rise to his federal prosecution. On December 21, 1998, a federal grand jury indicted Todd on one count of possession of a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g); and one count of possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). Defendant was arrested by federal marshals while on bond for his state charges from the October 1998 arrest by Memphis police officers.

On May 6, 1999, Todd pled guilty in federal court to count one of the indictment and count two was dismissed upon motion by the United States. After a sentencing hearing on July 23, 1999, United States District Judge Julia Gibbons entered a judgment on July 28,

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 4-21-05

50

1999 imposing a sentence of 120 months to be served consecutively to the state sentence currently being served. <u>United States v. Todd</u>, No. 98-20293-G. Todd's sentence was pursuant to United States Sentencing Guideline (USSG) § 5G1.3(a), "[i]f the instant offense was committed while the defendant was serving a term or imprisonment. . . or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment."[1]

Todd thereafter entered guilty pleas to state offenses of theft of property, No. 99-05192; evading arrest, No. 99-05103; burglary of a building, No. 99-05104; driving while a habitual motor vehicle offender, No. 99-05105; burglary of a building, No. 99-04986; possessing a handgun after conviction of a felony, No. 99-05107; theft of property over $1000, No. 99-05108; driving while a habitual motor vehicle offender, No. 99-05109; burglary of a building, No. 99-05110; and theft of property over $60,000, No. 99-05111. He was sentenced in state court to an effective sentence of thirty years. A notation on the judgments reflects that all state sentences were to be served concurrently with each other and with the sentence imposed in federal case No. 98-20293.

---

[1] Todd was mistakenly released from custody by the State of Tennessee after pleading guilty on July 9, 1998, to charges of driving while a habitual motor offender and driving while license suspended. Thus, Todd was required to serve out the state sentence for his convictions for being a habitual motor offender and driving while his license was suspended before serving his sentence for this federal conviction.

2

Todd first reported to state authorities to complete the prior state sentence from which he was mistakenly released. He has now been taken into federal custody to serve his federal sentence. Todd alleges that because the state court "imposed his [firearm] sentence to be served concurrent with the federal sentence," it is his belief that "it was the intention of this Honorable Court to impose [his] federal sentence to be served concurrently." He requests this clarification "because [he] is having a problem getting credit nunc pro tunc for [his] pre-trial jail time."

The commencement and calculation of the term of imprisonment of a federal prisoner, including any award of credits, is governed by 18 U.S.C. § 3585, entitled "Calculation of a term of imprisonment," which states as follows:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b). That task is reserved for the Attorney General of the United States through the BOP. United States v. Wilson, 503 U.S. 329, 333-34 (1992); United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir. 1996).

Furthermore, Todd must exhaust his administrative remedies through the BOP before he may petition the district court to review any administrative decision denying credit for presentence detention. A prisoner who wishes to appeal a decision by the BOP must seek administrative review of the computation or denial of credits, C.F.R. §§ 542.10-542.16 (1997), and, when he has exhausted all administrative remedies, he may then seek judicial relief pursuant to 28 U.S.§ 2241. See Wilson, 503 U.S. at 335; McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993); United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992).[2]

Thus, exhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking the district court's review of the BOP's sentence credit calculation. Todd does not allege that he has pursued his administrative remedies with the BOP as required. Therefore, the Court has no jurisdiction over his claim for jail credit. Wilson, 503 U.S. at 333; United States v. Westmoreland, 974 F.2d 736, 737-38; see also Davis v. Keohane, 835

---

[2] Habeas corpus is the remedy for a federal prisoner who is raising issues that challenge the execution of his sentence. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991); Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977).

F.2d 1147 (6th Cir. 1987); <u>Little v. Hopkins</u>, 638 F.2d 953 (6th Cir. 1981).

Todd's motion is DENIED without prejudice to his right to submit a petition pursuant to 28 U.S.C. § 2241 once he has exhausted his administrative remedies.

As no reasonable jurist could disagree that this Court is without jurisdiction to award jail credit, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant would not be taken in good faith.

IT IS SO ORDERED this 20th day of April, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 50 in case 2:98-CR-20293 was distributed by fax, mail, or direct printing on April 21, 2005 to the parties listed.

---

Xavier S. Todd
FCI
16647-076
1101 John A. Denie Rd
Memphis, TN 38134

Stuart J. Canale
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT