IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.
05 MAY 12 PM 4:19

---

UNITED STATES OF AMERICA,  )
       Plaintiff,  )
vs.  )  Cr. No. 98-20293(G)Bre
XAVIER TODD,  )
       Defendant.  )

---

ORDER DENYING IRREGULAR MOTION AND SUPPLEMENTAL MOTION

---

Defendant, Xavier Todd, Bureau of Prisons (BOP) inmate registration number 16647-076, an inmate at the Federal Correctional Institution in Memphis, Tennessee, has filed two irregular motions in his closed criminal case. (Docket entries 48 and 49) On December 21, 1998, a federal grand jury indicted Todd on one count of possession of a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g); and one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j).

On May 6, 1999, Todd pled guilty in federal court to count one of the indictment and count two was dismissed upon motion by the United States. After a sentencing hearing on July 23, 1999, United States District Judge Julia Gibbons entered a judgment on July 28, 1999 imposing a sentence of 120 months to be served consecutively

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 5-16-05



to the state sentence currently being served.[1] <u>United States v. Todd</u>, No. 98-20293-G. Defendant did not appeal, therefore, his sentence became final, at the latest, on September 7, 1999, the deadline for extending the time for taking an appeal.[2] <u>United States v. Noble</u>, No. 97-6354, 1998 WL 487023 (10th Cir. Aug. 10, 1998)(holding that in absence of any appeal from original judgment of conviction, judgment becomes final upon expiration of only the ten-day appeal time limit of Fed. R. App. P. 4(b)--§ 2255 motion filed over one year after the expiration of the Rule 4(b) extension period as well); <u>United States v. Concepcion</u>, No. 98-2372, 1999 WL 225865 (E.D. Penn. Apr. 19, 1999)(same); <u>Stead v. United States</u>. But see <u>United States v. Walker</u>, No. 99-6847, 1999 WL 760237 (4th Cir. Sept. 17, 1999)(holding that in absence of any appeal from original judgment of conviction, judgment becomes final upon expiration of <u>both</u> ten-day appeal time limit and thirty-day excusable neglect time period of Fed. R. App. P. 4(b)).

---

[1] Todd's federal sentence was imposed under United States Sentencing Guideline (USSG) § 5G1.3(a), providing "[i]f the instant offense was committed while the defendant was serving a term or imprisonment. . . or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." Todd was mistakenly released from custody by the State of Tennessee after pleading guilty on July 9, 1998, to charges of driving while a habitual motor offender and driving while license suspended. Thus, Todd was required to serve out the state sentence for his convictions for being a habitual motor offender and driving while his license was suspended before serving his sentence for this federal conviction.

[2] The time actually expired on September 6, 1999, however that date was Labor Day, a national holiday.

2

Defendant styled his pleadings as motions for relief from judgment based upon an "illegal sentence" or "void judgment" pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Rule 60(b)(4) is inapplicable, however, because the Federal Rules of Civil Procedure do not apply to federal criminal prosecutions. Todd also contends that Rule 35 of the Federal Rules of Criminal Procedure allows the correction of an illegal sentence at any time.

The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Eighteen U.S.C. § 3582(c) governs modification of an imposed term of imprisonment and states as follows:

> The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) are applicable here. The Director of the BOP has not moved for a reduction of the defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35, nor any federal statute, authorizes the Court to modify Todd's sentence pursuant to § 3582(c)(1)(B). See e.g., Fed. R. Crim. P. 35 (district court may correct illegally imposed sentence only within seven days after imposition of sentence). Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2).

For federal prisoners seeking to attack the validity of a conviction or sentence, the only remedy is through a motion to vacate under 28 U.S.C. § 2255. In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United States v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988)(challenge to proper sentence calculation should be

brought under § 2255, not Rules 32 or 35). Todd clearly seeks to overturn his conviction. The motion, therefore, requests relief that is only available under § 2255.

Thus, the Court considers whether to treat defendant's motions collectively as one under 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified at 28 U.S.C. § 2244 et seq.) (AEDPA), created a statute of limitations for filing habeas petitions under § 2255. The Court reviews this statute of limitations as a threshold matter. Holloway v. Corcoran, 980 F. Supp. 160, 161 (D. Md. 1997), app. dismissed, 161 F.3d 1155 (4th Cir. 1998); Bronaugh v. Ohio, 235 F.3d 280 (6th Cir. 2000).

The relevant portion of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). In this case, defendant's sentence became final, at the latest, on September 7, 1999. Accordingly, the limitations period expired on September 7, 2000, unless one of the conditions set forth above is applicable. Todd placed the first of these two motions in the prison mail system on April 24, 2004. The motions, therefore, appear to be untimely if construed collectively as a §2255 motion.

In Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Id. at 1008.

Defendant does not even attempt to argue that he lacked notice of, or knowledge of, the filing requirement. Equitable tolling is inappropriate in this case. Mere negligence or a mistake of fact is ordinarily not the type of extraordinary circumstances that warrants equitable tolling. Brown v. United States, 20 Fed Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations

6

period does not toll the limitations period."). Accordingly, Todd's motion is barred by the statute of limitations unless one of the conditions set forth above is applicable.

Rather than presenting any basis for the application of equitable tolling, Todd contends that Blakely v. Washington, ---U.S.---, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004), is a "new rule of constitutional law," arguably an attempt to invoke § 2255 ¶6(3). Although Todd can make a prima facie showing that Blakely was not available to him during the applicable one-year limitations period for a motion to vacate and presents a new constitutional rule of criminal procedure, he cannot demonstrate that Blakely has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

In the recent cases of United States v. Booker, and its companion case United States v. Fanfan, ---U.S.---, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), although the Supreme Court determined that its holding in Blakely applies to the Federal Sentencing Guidelines, Booker, 125 S. Ct. at 755-56, the Court also expressly stated that its decision must be applied to all cases on direct review. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not

7

yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir. 2005), that the rule of <u>Booker</u> does not fall within the second exception of <u>Teague</u>. <u>Id.</u> at 863(noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of <u>Teague</u>). Thus, the Sixth Circuit concluded that <u>Booker</u> does not apply retroactively in collateral proceedings. <u>Humphress</u>, 398 F.3d at 860. Since these recent decisions also fail to provide Todd with any basis for relief, the Court declines to construe defendant's motions collectively as a § 2255 motion. Accordingly, the irregular motions are DENIED. (Docket entries 48 and 49)

As no reasonable jurist could disagree that this Court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding <u>in forma pauperis</u>, is not taken in good faith.

IT IS SO ORDERED this 12th day of May, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

8

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 51 in case 2:98-CR-20293 was distributed by fax, mail, or direct printing on May 16, 2005 to the parties listed.

---

Stuart J. Canale
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Xavier S. Todd
FCI
16647-076
1101 John A. Denie Rd
Memphis, TN 38134

Honorable J. Breen
US DISTRICT COURT