IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⎯⎯ D.C.
05 JUL -5 AM 9: 56

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| vs. | X | Cr. No. 98-20293(G)Bre |
| XAVIER TODD, | X | |
| Defendant. | X | |

ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER TO COMPLY WITH PLRA
AND
ORDER ASSESSING APPELLATE FILING FEE

On May 23, 2005, Defendant, Xavier Todd, Bureau of Prisons (BOP) inmate registration number 16647-076, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a notice of appeal from the Court's order of May 12, 2005, which denied two irregular motions in his closed criminal case. Todd also requests permission to proceed in forma pauperis on appeal.

The Court reaffirms its previous certification pursuant to Fed. R. App. 24(a) that no reasonable jurist could disagree that this Court is without jurisdiction to modify defendant's sentence, therefore, Todd's appeal is not taken in good faith and he may not proceed in forma pauperis on appeal.

The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 7-5-05

does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

In order to take advantage of these procedures, however, the plaintiff must properly complete and submit both an in forma pauperis affidavit and a prison trust fund account statement showing:

1) the average monthly deposits, and
2) the average monthly balance

for the six months prior to the filing of the notice of appeal, and

3) the account balance when the notice of appeal was submitted.

As the plaintiff has filed neither of these documents, he is ORDERED to properly complete and file both an in forma pauperis affidavit and a trust fund account statement showing the above amounts within thirty (30) days of the entry of this Order. If he needs additional time to file the documents, he may request one thirty-day extension of time from this Court. McGore, 114 F.3d at 610. The Clerk of Court will provide the plaintiff a copy of the correct affidavit form with this order.

It is further ORDERED that, pursuant to 28 U.S.C. § 1915(b), the trust fund officer at plaintiff's prison shall calculate a partial appellate filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the

2

notice of appeal. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the clerk of court. If the funds in plaintiff's account are insufficient to pay the full amount of the partial appellate filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the clerk of court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the clerk of court, until the partial appellate filing fee is paid in full.

It is further ORDERED that after the partial appellate filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the clerk of this court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $255.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

3

and shall clearly identify plaintiff's name, inmate number and the case number on the first page of this order.

The plaintiff shall cooperate with prison officials in the making of these payments. If plaintiff is transferred to a different prison or released, he is ORDERED to notify the court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

The Clerk will mail a copy of this order to the official in charge of prisoner trust fund accounts at the FCI Memphis and to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this 1st day of July, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 55 in case 2:98-CR-20293 was distributed by fax, mail, or direct printing on July 5, 2005 to the parties listed.

---

Stuart J. Canale
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Xavier S. Todd
FCI
16647-076
1101 John A. Denie Rd
Memphis, TN 38134

Honorable J. Breen
US DISTRICT COURT